**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
    *Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAKIN SUBHAN, MOIN MAHBUB, DAVID KAY, ASHLEY CLEATOR, and JAMES HICKS on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SIMON AUERBACER, RAM DESTINATIONS MIAMI LLC and RAM CATERERS OF OLD WESTBURY LLC, jointly and severally,<br><br>Defendants. | **INDEX NO**.: 20-cv-5541<br><br><br>**AMENDED COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION RULE 23 CLASS ACTION** |

Plaintiffs DAVID KAY ("DAVID"), ASHLEY CLEATOR ("ASHLEY"), MOIN MAHBUB ("MOIN"), RAKIN SUBHAN ("RAKIN"), and JAMES HICKS ("JAMES") on behalf of themselves, and others similarly situated current and former and current employees of Defendants (the "Class"), and those who elect to opt into this action (the "FLSA Collective Plaintiffs") and complaining of the Defendants herein SIMON AUERBACER, RAM DESTINATIONS MIAMI LLC and RAM CATERERS OF OLD WESTBURY LLC, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege on  behalf of themselves, the Class, and other FLSA Collective Plaintiffs, that they are entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA"), *inter alia*, from Defendants:  (i) unpaid wages for overtime work performed, (ii)  unlawful retention of tips; (iii) liquidated damages, (iv) attorneys' fees, (v) interest, and (vi) all costs and disbursements associated with this action.

2.      Plaintiffs further allege, *inter alia*, that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime  work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (iv) unlawful retention of tips; (v) liquidated damages; (vi) attorneys' fees, (vii) interest, and (viii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§  1331 and  1337 due to Plaintiffs' claims under FLSA, and  supplemental  jurisdiction over the  New York state law claims pursuant to 28 U.S.C. § 1367.  Alternatively, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

4.      Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

5.      Plaintiff RAKIN resides in QUEENS County, New York.

6.      Plaintiff MOIN resides in QUEENS County, New York.

7.      Plaintiff DAVID resides in SUFFOLK County, New York.

2

8.     Plaintiff ASHLEY resides in SUFFOLK County, New York.

9.     Plaintiff JAMES resides in NASSAU County, New York.

*Defendants*

10.    All Defendants are collectively referred to as "Defendants."

11.    RAM DESTINATIONS MIAMI, LLC ("RAM DESTINATIONS") and RAM CATERERS OF OLD WESBURY LLC. ("RAM CATERERES") (collectively, the "CORP.") both have a principal place of business at 21 Old Westbury Road, Old Westbury, NY 11568.

12.    The CORP. is a caterer that advertises itself as having an "ability to support any event from exquisite weddings, meaningful Bar and Bat Mitzvahs, momentous Brises, and distinctive corporate events" that is "renowned for designing extraordinary occasions with stellar décor, innovative culinary artistry, and unparalleled service." *See* https://www.Ramcateres.com/about.

13.    The CORP. operates out of Ram of Old Westbury, Gotham Hall, and Ziegfeld Ballroom, but will also travel throughout the tri-state area to carter an event.  Regarding its Old Westbury location, it advertises that locale for events of "distinction and tradition…. [for] intimate gathering of 50, or a large celebration for 950, the exquisite, spacious ballroom will comfortably accommodate your event." *See* https://www.ramcaterers.com/ram-of-old-westbury.

14.    Aside from its catering business, the CORP. also host "Passover holiday vacations" – wherein the CORP. coordinates a complete Passover getaway, from baggage pickup/dropoff, flights, luxury accommodations, fine dining, and entertainment/lectures (the "Passover Getaway"). *Id*.  The Passover Getaway invites its clients to "Reimage the Luxury Passover Experience" as it is returning to the "Trump National Doral Miami for our 6th year!" which is located in Florida. *Id.*

15.    Specifically, guests are invited to spend "Passover in the lap of luxury [in] Deluxe Suite accommodations" located in exotic locales like Trump National Doral Miami.   The CORP. offers "…elaborate menus full of unique epicurean delights that will surpass anything you have

experienced before on a Passover getaway. Your holiday will be enhanced by the exceptional personal service, incomparable youth program, stimulating entertainment and activities, and inspiring spiritual programming that guests have come to expect from RAM Destinations." *Id.* Also, baggage is picked up at your house and "delivered directly to The Trump National Doral Miami. NO MORE hassle of schlepping your bags to and from the airport. NO MORE waiting on long lines. NO MORE fees for overweight or oversized baggage." *See* https://www.ramdestinations. com/luggage-delivery.

16.     Additionally, "Ram Caterers is renowned for extraordinary, gourmet cuisine and unparalleled service. Ram Caterers has a client list that includes the most prestigious hotels and venues in NYC, as well as a state-of-the-art facility on the North Shore of Long Island. Simon Auerbacher of Ram Caterers has over 30 years of Passover experience providing the most unique epicurean delights for programs in the US and overseas." *See* https://www.ramdestinations. com/cuisine.

17.     RAM DESINATIONS and RAM CATERERS share a website at "ramcateres.com" wherein the user is directed to "ramdestinations.com" when the "Passover" button is hit - linking the websites.

18.     RAM DESTINATIONS clients are solicited by RAM CATERERS from their New York facility, and are largely comprised of such clients. The clients generally fly from New York to Florida, then back to New York at Passover's end. Flights, trip insurance, luggage delivery and rates are all contained on the "ramdestinations.com" website.

19.     RAM DESINTATIONS proclaims on its website that:

> Ram Caterers is proud to continue the tradition of creating the most tantalizing and unique gourmet cuisine throughout your holiday.

> Established over 40 years ago as a modern, innovative New York City kosher caterer, Ram Caterers is renowned for extraordinary, gourmet cuisine and unparalleled service. Ram Caterers has a client list that includes the most

> prestigious hotels and venues in NYC, as well as a state-of-the-art facility on the North Shore of Long Island. Simon Auerbacher of Ram Caterers has over 30 years of Passover experience providing the most unique epicurean delights for programs in the US and overseas.

*See https://www.ramdestinations.com/cuisine.*

20.    RAM CATERERS solicites and provides its workforce to RAM DESINATIONS for the Passover Getaway, which workforce generally fly from New York to Florida a day or two earlier to prepare for guests arrival, and leave a day after the guests depart back to New York.  Accordingly, the Passover Getaway lasts about 8 days for guests and 10 days for the workers.

21.    SIMON AUERBACER ("SIMON") is the President, shareholder, agent of the of both RAM DESTINATIONS LLC. and RAM CATERERS OF OLD WESTBURY LLC. and resides at 42 Cedar Drive, Great Neck, NY.

22.    Upon information and belief, SIMON is the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS.,  has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., directed the managers and employees of the CORPS. as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under  FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

23.    SIMON exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

24.     KENNETH GREIF ("KENNETH") is the President, shareholder, and agent of APPLE CORE HOLDINGS, and resides at 240 Maple Street, Englewood, NJ 07631.

25.     Upon information and belief, KENNETH is the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS.

26.     The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

27.     At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.     Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

29.     At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

30.     At all relevant times, the were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

31.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

32.     Additionally, Plaintiffs work was performed on Defendants' premises, using Defendants' equipment.

33.     Defendants regularly directs employees amongst its various entities, has common ownership, has the power to fire and hire employees of its various entities, supervised and controlled employee work schedules and conditions of its various entities, paid Plaintiffs and other employees by and between its various entities, and maintained employment records of its various entities so

that each entity is a joint employer of Plaintiffs herein.

34.     Furthermore, share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Named Plaintiffs and, upon information and belief, putative class members, and are an integrated entity, or engaged in a venture sufficient to collectively be Plaintiff's employer, such that each entity is a joint employer of Plaintiffs herein, or are jointly and severally liable for all of Plaintiffs' damages, and liable collectively thereof for all Plaintiffs' damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

36.     At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

37.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

38.     The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

40.     All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

41.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

42.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices

affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

43.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

44.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the

disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45.     Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)     Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

      b)     What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

      c)     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq.* and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

      d)     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

      e)     Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

      f)     Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages, and/or

unlawfully retained the Rule 23 Classes gratuities , and, thus, engaged in unlawful conversion of their compensation;

g)   The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h)   Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours law, and whether Defendants unlawfully retained gratuities belonging to Plaintiffs.

## STATEMENT OF FACTS

47.   SIMON and the CORP. were in charge of hiring Plaintiffs.

48.   SIMON and the CORP. decided the job duties that Plaintiffs preform.

49.   SIMON and the CORP. determined Plaintiffs hourly rate of pay.

50.   SIMON and the CORP. determined Plaintiffs work schedule.

51.   SIMON and the CORP. determined the number of hours that Plaintiffs worked.

52.   SIMON and the CORP. managed Plaintiff's employment, including the amount of overtime that they worked each workweek.

53.   SIMON and the CORP. supervised and controlled the conditions of Plaintiffs' employment.

54.   SIMON and the CORP. maintained Plaintiffs' employment records.

55.   SIMON and the CORP. have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

56.   SIMON and the CORP. were aware of Plaintiffs work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

57.   SIMON participated, controlled, directed, and had/has operational control of the day to day operations of the CORP.

58.     Upon information and belief, at all relevant times and continuing through the present, Defendants have a policy and/or practice of charging, invoicing, assessing and retaining a gratuity charge ("Gratuity Charge") in connection with the administration of a banquet and/or catered event without adequately notifying customers that the Gratuity Charge is not a gratuity and will not be distributed to the service workers who staff the catered event.

59.     A reasonable customer would believe that the Gratuity Charge was in fact a gratuity for Plaintiff and similarly situated service employees.

60.     Defendants provided catered event customers and potential customers with documents including bills, menus, contracts, invoices, correspondence with sales staff, and other catering related documents which did not contain adequate disclaimers to ensure that a reasonable patron would understand that the Gratuity Charge is not a gratuity and will not be distributed to the event service staff.

61.     Defendants have engaged in a policy and practice of failing to pay the Gratuity Charge to Named Plaintiffs and, upon information and belief, similarly situated employees and the Class.

62.     Defendants instead retained the money for their own benefit in violation of Labor Law Article 6 § 196-d and its regulations, along with the FLSA.

63.     Defendants alternatively provided the money to the owners or managers of the CORPS.,  insert.

64.     Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including gratuities that they were deprived of – plus interest, attorneys' fees, and costs.

65.     DAVID was employed by Defendants as a server from about 2014 to 2019.  He was generally paid as follows:  2014 - $12-$14.00/hr; 2015 to 2019 - $15.00/hr.   DAVID worked those events that the Gratuity Charge was assessed against customers, but did not receive any gratuities.

66.     ASHLEY was employed by Defendants as a server from about 2011 to 2019.  She was generally paid as follows:  2018 to 2019, making between $13.00 to $15.00/hr.   ASHLEY worked those events that the Gratuity Charge was assessed against customers, but did not receive any gratuities.

67.     MOIN was employed by Defendants as a server from about 2013 to 2018.  He was generally paid $14.50/hr. MOIN worked those events that the Gratuity Charge was assessed against customers, but did not receive any gratuities.

68.     Additionally, MOIN travelled to Trump National Doral Miami to work the Passover Getaway for Defendants.  He was paid $1,500 for ten days of work, or $150 a day, typically working 15 to 16 hours a day, sometimes more.

69.     During the workweek of Monday, April 3, 3015 to April 9, 2015, MOIN was paid $1,050 and worked about 112 hours.

70.     RAKIN was employed by Defendants as a server from about 2014 to 2018.  He was generally paid as follows:  $14.00 to $15.00/hr.   RAKIN worked those events that the Gratuity Charge was assessed against customers, but did not receive any gratuities.

71.     Additionally, RAKIN travelled to Trump National Doral Miami to work the Passover Getaway for Defendants.  He was paid $1,500 for ten days of work, or $150 a day, typically working 15 to 16 hours a day, sometimes ore.

72.     During the workweek of April 10, 2017 to April 17, 2017, RAKIN was paid $1,050 and worked about 112 hours.

73.     JAMES was employed by Defendants as a server from about 2011 to the present.  He was generally paid as follows:  $15.00 to $17.00/hr.  JAMES worked those events that the Gratuity Charge was assessed against customers , but did not receive any gratuities.

74.     SIMON the CORPS. did not accurately record or report the hours Plaintiffs worked.

75.     The paystubs provided to Plaintiffs failed to properly account for hours worked.

76.     Defendants are a single and/or joint employer under the Labor Law in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Named Plaintiffs and, upon information and belief, putative class members.

77.     Plaintiffs regularly and principally interacted with customers, took their orders, served their drinks/food,  and are/were ordinarily engaged in direct personal customer service as is typical in the catering industries.

78.     Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.  They had no ability to: hire or fire, could not set employee schedules, set employee schedules or compensation, or maintain employee records.

79.     While Plaintiffs and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

80.     Also, Plaintiffs and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

81.     When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

82.     Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages  with a pay  statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

83.     Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

84.     During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

85.     Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

86.     Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.
### Brought by Plaintiffs on Behalf of Themselves, the Class
### And the FLSA Collective Plaintiffs)

87.     Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

88.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

89.    At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiffs have been and are entitled to overtime.

90.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

91.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

92.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

93.    At all relevant times, Defendants employed the Class within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

94.    Defendants knowingly paid Plaintiffs less than the New York State minimum wage.

95.    Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

96.    Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

97.    As a result of Defendants' willful and unlawful conduct, Plaintiffs, the FLSA Collective Plaintiffs, and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post- judgment interest, costs and attorney's

fees, as provided by N.Y. Lab. Law §663.

**THIRD CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

98.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

99.    Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at a rate of not less than one-half times their hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

100.   As a result of Defendant's willful and unlawful conduct, Plaintiffs, the FLSA Collective Plaintiffs, and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a),**
**and 146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)**

101.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

102. Plaintiffs and the Class and other FLSA Collective Plaintiffs regularly had workdays that lasted more than ten (10) hours.

103.    Defendants willfully and intentionally failed to compensate Plaintiffs and the Class and other FLSA Collective Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

17

104.    As a result of Defendants' willful and unlawful conduct, Plaintiffs, the FLSA Collective Plaintiffs, and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements)**
**(N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

105.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

106.    Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

107.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, the Collective Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**SIXTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

108.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

109.     Defendants paid  Plaintiffs, and the Class,  wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

110.     Additionally, Defendants are required to keep records for six years, which must include an accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

111.     Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

112.     Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs, the Collective Plaintiffs, and the Class are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**SEVENTH CLAIM FOR RELIEF**
**(Unlawful Retention/Misappropriation of Tips)**
**(N.Y. Lab. Law §§ 196-d, 198, 29 CFR §§ 531.52, 531.54, 531.59, and 29 U.S.C. ¶ 203(m)**
**Brought by Plaintiffs on Behalf of Themselves, the Class and the FLSA Collective Plaintiffs)**

113.     Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective

Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

114.    Defendants are "employers," within the meaning contemplated pursuant to Labor Law Article 6 § 190(3), Labor Law Article 19 § 651(6), and cases interpreting same.

115.    N.Y. Lab. Law 196-d and 29 CFR § 531.52 prohibit the retention of an employees' tips.

116.    29 U.S.C. ¶ 203(m) prohibits employers, managers, and/or supervisors from keeping employee tips, regardless of whether the employer takes the tip credit or not.

117.    Defendants unlawfully withheld, retained, pooled, split, and/or shared portions of gratuities provided to employees, including but not limited to those collected as Gratuity Charges.

118.    Defendants allowed its customers to believe that the Gratuity Charge was a gratuity and that it was going to be distributed to the servers that worked the catered event. However, Defendants retained that charge for themselves.

119.    Defendants violated § 196-d by assessing the Gratuity Charge and failing to distribute the Gratuity Charge to the service staff who worked at Defendants' catered events, including Named Plaintiffs, and upon information and belief, retaining the Gratuity Charge for themselves; and c) representing or allowing customers to believe that the Gratuity Charge was a gratuity.

120.    Additionally, the Gratuity Charge and/or any tips provided by Defendants' clients were improperly shared, split, pooled, or retained by the employer, managers, and/or supervisors.

121.    Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of service charges in the nature of gratuities, as required under 12 NYCRR §

146-2.

122.    By the foregoing reasons, Defendants are liable to Plaintiff, Collective Plaintiffs, and the Class, in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Improper Tip Pool Brought by Plaintiffs on Behalf of Themselves and the Class)

123.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

124.    Under 12 NYCRR §§ 146.14, 146.15, 146.16, 146.17, and N.Y. Lab. Law §§ 196 and 198 an employer is prohibited from tip pooling or sharing tips with either management.

125.    Under 29 C.F.R. § 516: (a) With respect to each tipped employee whose wages are determined pursuant to section 3(m) of the Act, the employer shall maintain and preserve payroll or other records containing all the information and data required in § 516.2(a).

126.    Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class action constitute "wages" as that term is defined under Article 6 of the Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

127.    Defendants unlawfully withheld, and retained, portions of gratuities provided to Plaintiffs, and other members of the putative class action, and/or improperly pooled, shared, and/or split those gratuities.

128.    Plaintiffs were not allowed to keep all of the tips they received.

129.    Upon information and belief, Defendants' violations were willful.

130.    By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq*. and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, the Class and other FLSA Collective Plaintiffs, demand a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a. Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b. Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

c. Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law ;

d. Awarding all unpaid compensation due under the FLSA;

e. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

f. Awarding Plaintiff an award of unpaid minimum wage, overtime, a n d spread of hours, under the N.Y. Lab. Law;

h. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

i. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

j. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

k. Awarding Plaintiffs' damages for Unlawful Retention of Tips;

l.   Awarding Plaintiffs' damages for Unlawful Tip Pool/Sharing/Splitting;

m.   Awarding Plaintiffs pre-judgment interest;

n.   Awarding Plaintiffs post-judgment interest;

o.   Awarding Plaintiffs attorneys fees; and

p.   Granting such other and further relief as this Court deems just and proper.

Dated:  December 7, 2020

By:____/s/_____
      Marcus Monteiro
      *mmonteiro@mflawny.com*
      **MONTEIRO & FISHMAN LLP**
      91 N. Franklin Street, Suite 108
      Hempstead, New York 11550
      Telephone: (516) 280.4600
      Facsimile: (516) 280.4530
      Attorneys for Plaintiff
      Collective Plaintiffs and
      Class Plaintiffs